UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRENDA TACKETT,

    Plaintiff,

v.                                                                          Case No. 2:20-cv-16-JLB-NPM

COMMISIONER OF SOCIAL SECURITY,

    Defendant.
_____/

# ORDER

Plaintiff Brenda Tackett seeks review of the Commissioner of Social Security's ("Commissioner") final decision denying her disability insurance benefits. (Doc. 1.) The Magistrate Judge issued a Report and Recommendation ("R&R"), suggesting that the Court affirm the Commissioner's decision. (Doc. 23.) After reviewing Ms. Tackett's timely objections (Doc. 25.), the Court affirms the Commissioner's decision.

### STANDARD OF REVIEW

A district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). When a party makes a timely and specific objection to a magistrate judge's report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

In a Social Security appeal, the Court must determine whether the ALJ's decision is "supported by substantial evidence in the record and is based on proper

legal standards." Winschel v. Comm'r, 631 F.3d 1176, 1178 (11th Cir. 2011) (quoting Crawford v. Comm'r, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam)). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. The Court may not decide the facts anew, reweigh evidence, or substitute its judgment for the ALJ's. Id. (quoting Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). Even where the Court finds that the evidence more likely supports a different conclusion, the ALJ's decision must be affirmed if it is supported by substantial evidence. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990).

## DISCUSSION

**Objection 1: The ALJ failed to weigh or discuss the opinions of licensed clinical social worker ("LCSW") Janice Hughes.**

Ms. Tackett argues that the ALJ erred by failing to discuss or give any weight to the opinion of Janice Hughes, a licensed social worker ("LCSW") who opined that: (1) Ms. Tackett might have PTSD, ADHD, or other neurocognitive impairments; and (2) she should be evaluated by a neurologist. (Doc. 25 at 1–6.) The Magistrate Judge opined that the ALJ was not obligated to assign any weight to Ms. Hughes' opinion. (Doc. 23 at 16–17.)

For claims filed before March 27, 2017, the Social Security Administration must "evaluate every medical opinion" it receives. 20 C.F.R. § 404.1527(c). A medical opinion is a statement from an <u>acceptable medical source</u> that reflects judgment about the nature and severity of an impairment, including symptoms, diagnosis, prognosis, physical restrictions, mental restrictions, and what someone

can do despite the impairment. 20 C.F.R. § 404.1527(a)(1). A clinical social worker is not an "acceptable medical source." See Anteau v. Comm'r, 708 F. App'x 611, 613 (11th Cir. 2017). Instead, the opinion of a clinical social worker is considered an "other source," which is not entitled to any special weight. See Figuera v. Comm'r, 819 F. App'x 870, 872 (11th Cir. 2020). That said, an ALJ "generally should explain the weight given to opinions from these sources or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." 20 C.F.R. § 404.1527(f)(2).

The ALJ explained that he considered "opinion evidence in accordance with the requirements of [20 C.F.R. § 404.1527]." (Tr. at 15.) He also explained that Ms. Tackett's PTSD, ADHD, and other neurocognitive impairments do "not cause more than minimal limitation in [her] ability to perform basic mental work activities and [are] therefore nonsevere." (Id. at 13.) The Magistrate Judge further noted that Ms. Hughes did not opine on how her diagnoses impaired Ms. Tackett's ability to function. (Doc. 23 at 18.) The Court holds that the ALJ's discussion of Ms. Tackett's mental health issues allows her to follow the ALJ's reasoning, even though the ALJ did not assign Ms. Hughes' opinion specific weight. Cf. Graham v. Berryhill, No. 2:17-cv-153-FtM-DNF, 2018 WL 4520342, at *5 (M.D. Fla. Sept. 21, 2018) ("Although the ALJ did not explicitly discuss or weigh Mr. Saberton's opinions, his conclusion . . . is sufficient to show that he rejected Mr. Saberton's

3

opinions because they were contrary to the objective medical record, which the ALJ thoroughly discussed.") Accordingly, this objection is overruled.

**Objection 2: The ALJ erred in failing to include limitations related to Plaintiff's mental impairments in the RFC and hypothetical questions to the vocational expert.**

Ms. Tackett argues that the ALJ erred by failing to include limitations related to her mental health in his finding of her residual functional capacity ("RFC") and failing to ask the vocational expert any hypothetical questions regarding about Ms. Tackett's mental health. (Doc. 25 at 6–9.) "The claimant's residual functional capacity is an assessment, based upon all relevant evidence, of the claimant's ability to do work despite her impairments." Strickland v. Comm'r, 516 F. App'x 829, 831 (11th Cir. 2013); see also 20 C.F.R. § 404.1545(a)(1). "In determining a claimant's RFC, the ALJ must consider all relevant evidence, including the medical opinions of treating, examining, and non-examining medical sources." Koorathota v. Comm'r, No. 6:19-cv-2150-Orl-LRH, 2021 WL 288987, at *3 (M.D. Fla. Jan. 28, 2021).

As previously explained (and also explained in the R&R), the ALJ stated that he considered the entire record, including "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." (Tr. at 14.) The ALJ also cited numerous evaluations from various professionals, which are accurately summarized in the R&R. (Doc. 23 at 21–23.) After reviewing these evaluations, the ALJ concluded that Ms. Tackett had no more than mild limitations resulting from her mental impairments, and therefore these impairments did not cause more than minimal limitations in her

4

ability to perform basic mental-work activities.  (Tr. at 13.)  The Court holds that this conclusion is supported by substantial evidence.

Ms. Tackett also argues that the ALJ erred by not asking the vocational expert questions on her mental impairments.  "[F]or a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."  Winschel, 631 F.3d at 1180 (citing Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir.2002) (per curiam)).  "The ALJ is not required to include findings in the hypothetical that the ALJ has found to be unsupported, however."  Lee v. Comm'r, 448 F. App'x 952, 953 (11th Cir. 2011) (citing Crawford, 363 F.3d at 1161).  As already discussed, the ALJ held that Ms. Tackett's mental impairments did not create more than minimal limitations on her ability to do work, and this finding was supported by substantial evidence.  (Tr. at 13.)  Because the ALJ was not required to include unsupported limitations in his hypothetical to the vocational expert, Ms. Tackett's objection is overruled.

**Objections 3 and 4: The ALJ erred in failing to include a sit/stand limitation in the RFC and hypothetical questions to the vocational expert and further erred in finding Plaintiff could perform light work.**

Ms. Tackett's final two objections relate to the testimony of Dr. James Owen, who performed a one-time consultative evaluation on her.  (Doc. 25 at 9–12.)  She argues that, based on Dr. Owen's examination, the ALJ erred in failing to include a sit/stand limitation and erred in finding that she could perform light work.  (Id.)  But she does not object the Magistrate Judge's conclusion that the ALJ did not err in affording Dr. Owen's opinion only partial weight, which was the main reason why the Magistrate Judge also discounted her arguments on the sit/stand limitation and

5

the light-work designation. (Doc. 23 at 13–16, 24–27.) The Court holds that the ALJ's decision to afford Dr. Owen's opinion partial weight was supported by substantial evidence, and therefore Ms. Tackett's third and fourth objections are necessarily overruled.

## CONCLUSION

For the reasons above, it is **ORDERED**:

1. Ms. Tackett's objections to the Magistrate Judge's R&R (Doc. 25) are **OVERRULED**.

2. The R&R (Doc. 23) is **ADOPTED** and made part of this Order.

3. The final decision of the Commissioner is **AFFIRMED**.

4. The Clerk is **DIRECTED** to terminate any pending deadlines and close the file.

**ORDERED** in Fort Myers, Florida, on March 18, 2021.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE